UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NFI INTERACTIVE LOGISTICS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-06759 |
| | ) | |
| -vs- | ) | |
| | ) | |
| DUSTIN WAGNER and TRAFFIX USA INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff NFI Interactive Logistics, LLC ("NFI") ("Plaintiff"), for its Complaint against Dustin Wagner ("Wagner") and Traffix USA Inc. ("Traffix"), alleges as follows:

**INTRODUCTION**

1. The transportation and freight logistics business is highly competitive, and Plaintiff prides itself on the strength of the relationships it develops with its clients. Plaintiff invests substantial resources in maintaining these relationships and providing exemplary service. Critical to this business is the employment of sales professionals, such as Defendant Dustin Wagner, who through their affiliation with Plaintiff develop and maintain these client relationships.

2. Defendant Dustin Wagner, a former Logistics Broker II with NFI, signed an agreement designed to protect NFI's client relationships.

3. Since ending his employment with NFI to join competitor Traffix, Wagner has systematically broken his contractual promises to Plaintiff—with encouragement and assistance from Traffix—and has inflicted significant damage on Plaintiff and its client relationships.

1

Plaintiff brings this action to stop this illicit conduct, recover for the damages inflicted by Wagner and Traffix, and prevent further ongoing harm to Plaintiff.

## PARTIES

4. NFI is a limited liability company organized and existing under the laws of the state of New Jersey whose sole member is a limited partnership, whose members in turn are citizens of Pennsylvania, Texas, and New Jersey. NFI is an affiliated company of NFI Industries, Inc.

5. Wagner is a citizen of the state of Illinois and is domiciled in the Northern District of Illinois. Until on or around June 16, 2018, Wagner was a Logistics Broker II with NFI based in its Schaumburg, Illinois office.

6. Traffix is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Milton, Ontario, Canada.

## JURISDICTION AND VENUE

7. The exercise of personal jurisdiction over Wagner in this Court is proper and comports with Illinois law and with the constitutional requirements of due process because Wagner is a citizen of Illinois and is domiciled in the Northern District of Illinois.

8. The exercise of personal jurisdiction over Traffix in this Court is proper and comports with Illinois law and with the constitutional requirements of due process because Traffix regularly transacts business in this District.

9. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, which arises under and will require the interpretation of federal law. This Court has supplemental jurisdiction over the balance of Plaintiff's claims

pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the claims under the CFAA that they form part of the same case or controversy under Article III of the United States Constitution.

10. This Court also has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332(a)(1) and (a)(3) because there is diversity of citizenship among the parties and the matter in controversy, as explained further below, exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred and continue to occur in this District.

## FACTUAL BACKGROUND

**A.     Wagner's Contractual Obligations.**

12. NFI, along with its various related entities including NFI Industries, Inc., is a fully integrated third-party supply chain solutions provider that serves customers around the world across a variety of industries. Its business lines include dedicated transportation, warehousing, intermodal, brokerage, transportation management, global, and real estate services.

13. On or around March 19, 2015, Wagner commenced his employment with NFI as a Logistics Broker II in its Brokerage division.

14. In that capacity, Wagner was responsible for arranging shipments for NFI customers with one of multiple third party carriers, and tracking and managing those shipments until they arrived at their ultimate destinations.

15. In this capacity, Wagner was responsible for building relationships with multiple customers, so that he could arrange their shipments. Indeed, he received commissions based off the amount of shipments that he arranged.

16. Some of the many customers that Wagner provided brokerage services to included, without limitation: Liquidity Services/Liquidity Services Canada ("Liquidity"), Tate & Lyle, Satellite Logistics, and QuadExpress.

17. As a condition of and in consideration of his employment with NFI, Wagner executed at the start of his employment a Confidentiality and Non-Solicitation Agreement (the "Agreement") between himself and Plaintiff. A true and correct copy of the Agreement is attached as **Exhibit A**.

18. Under the Agreement, Wagner promised that he would not, among other things:

> (a) directly or indirectly, in any manner whatsoever, solicit or contact for the benefit of any Competing Business (as defined below) any customer or prospective customer of the Company with which Employee has worked or had contact, or on whose account Employee worked, at any time during the last two (2) years of Employee's employment with the Company. For purposes of this Agreement, *"Competing Business"* means any business (including a business which Employee may own in whole or in part), company, person, entity or organization, other than the Company, that (i) is engaged in, or is about to become engaged in, a business or businesses similar to the Company's Business; or (ii) regardless of the nature of the business, either competes directly or indirectly with the Company in any Company Business; or (iii) otherwise is engaged in the transportation, warehousing, distribution or logistics industries; or
>
> (b) directly or indirectly, cause or attempt to cause any customer or prospective customer of the Company to divert, terminate, limit or in any manner modify or fail to enter into any actual or potential business relationship with the Company;

(Exhibit A ¶ 3.)

19. Wagner also agreed to protect and to hold in the strictest confidence Plaintiff's "Confidential Information," which the Agreement defines as "the Company's confidential and

4

proprietary business information, whether oral, written or in electronic or other form," including without limitation:

> (a) information regarding the Company's strategic and other business plans, customer and carrier lists (including names and contact information as well as preferences, plans, budgets and special needs), pricing, marketing, costs, capacity, systems, procedures, processes, software, information-gathering techniques and methods, trade secrets, all data, listings or similar recorded information used or useful in the Company's Business, and other knowledge of or developed by the Company that is used or useful in the Company's Business, including business forms and agreements, contracts, customer and vendor account and pricing information, and related information; and (b) all other information disclosed to Employee, or to which Employee has access during Employee's period of employment with the Company, for which there is any reasonable basis to be believed is, or which appears to be treated by the Company as, confidential and proprietary information

(*See* Exhibit A.)

20. Wagner further agreed that:

> Except as may be required in the performance of Employee's employment duties with the Company, Employee will never at any time use, disclose, communicate, divulge or copy any Confidential Information, or assist any other business, firm, person, company, organization or other entity in the use, disclosure or copying of any Confidential Information. Upon the termination of Employee's employment with the Company for any reason, Employee agrees to return to the Company all Confidential Information (and all records or copies of such Confidential Information) and any other Company property that is, directly or indirectly, in Employee's possession or under Employee's control, and regardless of how such Confidential Information or other Company property came into Employee's possession, and in whatever form.

(Exhibit A ¶ 2.)

**B.  Wagner And Traffix's Unlawful Acts.**

21. Wagner resigned from NFI on or around June 16, 2018.

22. On or around that time, before his employment ended, Wagner improperly accessed and forwarded to his personal email address confidential information of Plaintiff, including at least information regarding North American brokerage load counts and revenue and

5

other financial figures for a period spanning approximately late May and/or early June of 2017 and 2018.

23. Wagner's copying and dissemination of this information violated Wagner's confidentiality obligations set forth in the Agreement as well as other company policies applicable to him.

24. Wagner is currently Director of National Accounts at Traffix—a logistics and supply chain business that directly competes with Plaintiff. Wagner is thus providing identical services in the same industry in which he built valuable relationships while employed by NFI. Wagner has unfairly capitalized, and if not restrained will continue to unfairly capitalize, on the relationships he gained and developed with Plaintiff's customers while working for NFI.

25. One such customer is QuadExpress, with which Wagner worked closely during his tenure at NFI, including during his last two years at NFI.

26. On August 14, 2018, QuadExpress inadvertently contacted NFI to request information about two shipments managed by Traffix. QuadExpress copied Wagner on this correspondence at his Traffix email address. Thus, upon information and belief, Wagner, directly and/or through his associates at Traffix, and with Traffix's knowing and intentional encouragement and support, has solicited QuadExpress and sought to cause QuadExpress to divert its business with Plaintiff, in contradiction of the Agreement.

27. Moreover, since Wagner departed NFI to join Traffix, Plaintiff's business with other critical customers—including but not limited to Liquidity, Tate & Lyle, and Satellite Logistics—has reduced dramatically, for no other discernible reason than Wagner and Traffix's unlawful activity. Plaintiff's business with Liquidity, for example, has been severely affected and is down more than approximately seventy-five percent since approximately June 2018.

28. Upon information and belief, Wagner, with Traffix's knowing and intentional encouragement and support, has solicited Plaintiff's customers and has otherwise caused these customers to limit their business relationship with Plaintiff in contradiction of the Agreement.

29. Without injunctive relief, there is ample reason to believe based on Wagner and Traffix's conduct to date that these unlawful acts will continue despite Wagner's contractual obligations to Plaintiff. Likewise, if not restrained, Wagner and Traffix likely will continue to pursue similar unlawful activities with other customers of Plaintiff, to Plaintiff's significant detriment.

30. Neither Wagner nor Traffix has ceased the unlawful activities set forth above. Indeed, before filing this complaint, Plaintiff, including through its counsel, contacted Wagner and Traffix and their counsel on numerous occasions to seek their cooperation and compliance with their obligations to Plaintiff. Despite repeated assurances that they would not engage in any improper activity, Wagner and Traffix have continued to engage in the unlawful activities set forth above.

## COUNT ONE
**(Breach of Contract against Wagner)**

31. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

32. Wagner agreed to the Agreement with Plaintiff as a condition of employment.

33. The Agreement was supported by adequate consideration and is enforceable.

34. Plaintiff has fully complied with any and all of its obligations under the Agreement.

35. Wagner has breached the Agreement through the conduct set forth above, including by directly and indirectly soliciting or contacting Plaintiff's customers for his and

7

Traffix's benefit with which Wagner worked or had contact, or on whose account Wagner worked, during the last two years of Wagner's employment with NFI.

36. Wagner has breached the Agreement through the conduct set forth above, which includes by directly and indirectly causing or attempting to cause customers or prospective customer of Plaintiff to divert, terminate, limit or otherwise modify its business relationship with Plaintiff.

37. Wagner has breached the Agreement by using, disclosing, communicating, divulging, or copying Confidential Information of Plaintiff.

38. As a direct and proximate result of Wagner's conduct alleged herein, Plaintiff has suffered damages in an amount to be specifically determined at trial but that in the aggregate with other claims herein exceeds $75,000.

39. As Wagner will not stop soliciting Plaintiff's customers and violating the Agreement without being enjoined by the Court, Plaintiff will suffer irreparable harm absent injunctive relief.

## COUNT TWO
### (Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030 against Wagner)

40. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

41. Plaintiff maintains confidential information on its computer systems, which are a "protected computer" within the meaning of the Computer Fraud and Abuse Act because they are used in and affect interstate commerce.

42. Wagner accessed without authorization, or exceeded his authorized access to, Plaintiff's computer systems when he accessed and forwarded to his personal email address confidential information of Plaintiff including at least North American brokerage load counts and revenue and other financial figures for a period spanning approximately late May and/or early

8

June of 2017 and 2018, in violation of Wagner's confidentiality obligations set forth in the Agreement as well as other company policies applicable to him.

43. In connection with the acts and conduct complained of, Wagner, directly or indirectly, used the means and instrumentalities of interstate commerce.

44. Wagner acted knowingly, with the intent to defraud Plaintiff and to use the confidential information Wagner unlawfully obtained on behalf of persons or entities other than Plaintiff, including Traffix.

45. On information and belief, Wagner has used this confidential information with Traffix to facilitate solicitations of Plaintiff's customers and other improper conduct.

46. Wagner's actions violate the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

47. As a direct and proximate result of Wagner's violations of the Computer Fraud and Abuse Act, Plaintiff has sustained more than $5,000 in losses and damages, including without limitation the costs of determining the scope and extent of Wagner's unlawful access and restoring the integrity of Plaintiff's computer systems after that unlawful access.

## COUNT THREE
**(Tortious Interference with Prospective Advantage against Wagner and Traffix)**

48. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

49. Plaintiff has strong, long-term relationships with its customers and clients.

50. Plaintiff has a reasonable expectation that its business relationships with customers such as QuadExpress, Liquidity, Satellite Logistics, Tate & Lyle, and other customers and clients would continue, and that Plaintiff would continue to service these customers and clients.

51. Wagner and Traffix have knowledge of Plaintiff's expected continued relationships with these customers, but nevertheless intentionally, improperly, maliciously, and

without any justification interfered with Plaintiff's prospective economic advantage by soliciting these customers to move some or all of their business from Plaintiff to Traffix.

52. As a direct and proximate result of Wagner and Traffix's conduct alleged herein, Plaintiff has suffered damages in an amount to be specifically determined at trial but that in the aggregate with other claims herein exceeds $75,000. But for Wagner and Traffix's unlawful conduct, it is reasonably probable that Plaintiff would have continued its economically advantageous relationships with its customers.

53. As Wagner and Traffix will not stop soliciting Plaintiff's customers without being enjoined by the Court, Plaintiff will suffer irreparable harm absent injunctive relief.

## COUNT FOUR
### (Tortious Interference with Contract against Traffix)

54. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

55. Wagner agreed to the Agreement with Plaintiff as a condition of employment.

56. The Agreement was supported by adequate consideration and is enforceable.

57. Traffix had direct knowledge of the Agreement and/or of Wagner's contractual obligations under the Agreement, including without limitation Wagner's obligations to not directly or indirectly solicit certain of Plaintiff's customers or prospective customers for two years following his resignation from NFI; not to directly or indirectly cause or attempt to cause any customer or prospective customer of NFI to divert, terminate, limit or in any manner modify of fail to enter into any actual or potential business relationship with NFI; and not to use, disclose, communicate, divulge, or copy any confidential information of NFI.

58. Wagner breached his obligations under the Agreement as a direct and proximate result of Traffix's intentional inducement.

59. There is no justification for Traffix's actions.

60. Plaintiff has suffered damages as a result of Traffix's conduct, including attorneys' fees resulting from Plaintiff's efforts to protect and enforce its contractual relationships, in an amount to be specifically determined at trial. In addition, Plaintiff has suffered irreparable harm and will continue to suffer irreparable harm unless Traffix's conduct is enjoined by this Court.

## COUNT FIVE
### (Unfair Competition against Wagner and Traffix)

61. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

62. Wagner and Traffix's acts set forth above—including Wagner's copying and use of Plaintiff's confidential information and solicitation of Plaintiff's customers and Traffix's knowing encouragement of those acts—violate ethical standards of fair play and constitute common law unfair competition.

63. Plaintiff has suffered damages as a result of Wagner and Traffix's conduct in an amount to be specifically determined at trial but that in the aggregate with other claims herein exceeds $75,000.

64. In addition, Plaintiff has suffered irreparable harm and will continue to suffer irreparable harm unless Wagner and Traffix's conduct is enjoined by this Court.

## COUNT SIX
### (Breach of Duty of Loyalty Against Wagner)

65. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

66. As an employee of NFI, Wagner owed NFI a duty of loyalty to act at all times in the utmost good faith and in its best interests.

67. While still employed by NFI, Wagner breached his duty of loyalty by acting contrary to NFI's best interests, through at least the conduct set forth herein.

68. Plaintiff has suffered damages as a result of Wagner's conduct in an amount to be specifically determined at trial but that in the aggregate with other claims herein exceeds $75,000.

69. In addition, Plaintiff has suffered irreparable harm and will continue to suffer irreparable harm unless Wagner's conduct is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enjoin Wagner, for a period of two (2) years from entry of judgment, from doing any of the following either directly or indirectly or through his associates, agents, or employees:

    (i) directly or indirectly soliciting or contacting any customer or prospective customer of Plaintiff with whom Wagner worked or had contact, or on whose account Wagner worked, at any time during the last two (2) years of Wagner's employment with NFI, including without limitation QuadExpress, Liquidity Services, Liquidity Services Canada, Tate & Lyle, and Satellite Logistics;

    (ii) directly or indirectly causing or attempting to cause any customer or prospective customer of Plaintiff—including without limitation QuadExpress, Liquidity Services, Liquidity Services Canada, Tate & Lyle, and Satellite Logistics—to divert, terminate, limit or in any manner modify or fail to enter into any actual or potential business relationship with Plaintiff;

    (iii) using, disclosing, communicating, divulging, or copying any Confidential Information of Plaintiff; and

    (iv) assisting Traffix in the use, disclosure, communicating, divulging, or copying of any Confidential Information of Plaintiff;

(b) Enjoin Traffix, for a period of two (2) years from entry of judgment, from assisting, encouraging, enabling, participating in, inducing, aiding, or abetting the acts described in section (a) above;

     (c)    Order Wagner and Traffix to return to Plaintiff and/or to destroy any Confidential Information of Plaintiff in Wagner or Traffix's possession, custody, or control;

     (d)    Order that Wagner and Traffix pay to Plaintiff an amount of damages in excess of $75,000 to be specifically determined at trial;

     (e)    Order that Wagner and Traffix reimburse Plaintiff for its attorneys' fees and costs and disbursements in bringing this action;

     (f)    Order that Wagner and Traffix pay Plaintiff punitive damages as allowed by law; and

     (g)    Order such other relief and damages as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: October 5, 2018          **FAEGRE BAKER DANIELS LLP**

          /s/ *George A. Stohner*
          George A. Stohner
          Gregory P. Abrams
          Kathryn A. Feiereisel
          FAEGRE BAKER DANIELS LLP
          311 S. Wacker Drive, Suite 4300
          Chicago, IL  60606
          Telephone:  (312) 212 6500
          Facsimile:   (312) 212 6501
          george.stohner@faegrebd.com
          gregory.abrams@FaegreBD.com
          katie.feiereisel@faegreBD.com

          *Attorneys for NFI Interactive Logistics, LLC*